4 F.3d 986
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Antonio DORSEY, Defendant-Appellant.
 No. 92-5445.
 United States Court of Appeals,
Fourth Circuit.
 Argued: July 12, 1993.
Decided: August 31, 1993.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-91-201-C-P)
 Argued: George Vernon Laughrun, II, Goodman, Carr, Nixon, Laughrun & Levine, Charlotte, North Carolina, for Appellant.
 Gretchen C. F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 On Brief: Thomas J. Ashcraft, United States Attorney, Charlotte, North Carolina, for Appellee.
 W.D.N.C.
 MOTION DISMISSED, JUDGMENT AFFIRMED.
 Before ERVIN, Chief Judge, PHILLIPS, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 OPINION
 BUTZNER, Senior Circuit Judge:
 
 
 1
 Antonio Dorsey appeals the judgment of the district court denying his motion to withdraw his guilty plea and imposing sentence. The government moves to dismiss the appeal. We deny the government's motion and affirm the judgment of the district court.
 
 
 2
 * Pursuant to a formal agreement with the government, Dorsey pleaded guilty to conspiring to violate 18 U.S.C.Sec. 511 (tampering with vehicle identification numbers), 18 U.S.C.Sec. 2312 (transportation of stolen vehicles), and 18 U.S.C. Sec. 2313 (sale or receipt of stolen vehicles). Paragraph 13 of the plea agreement clearly stated that Dorsey was
 
 
 3
 aware that any estimate of the likely sentence received from any source is a prediction, not a promise, and that the Court has the final discretion to impose any sentence either up to the statutory maximum or, if applicable, up to the maximum end of the Sentencing Guidelines range as determined pursuant to this Plea Agreement. Nevertheless, the defendant knowingly and expressly waives the right to appeal whatever sentence is imposed on any ground, including any appeal right conferred by 18 U.S.C. Sec. 3742(b). Similarly, the defendant agrees not to contest either the conviction or the sentence in any post conviction proceeding, including but not limited to any proceeding under 28 U.S.C.Sec. 2255.
 
 
 4
 The agreement also provided that although Dorsey's offense level was believed to be 12, the probation officer would determine Dorsey's criminal history category.
 
 
 5
 After conducting a Rule 11 hearing in which it determined that Dorsey knowingly and voluntarily entered into the plea agreement, the court accepted the plea. See Fed. R. Crim. P. 11.
 
 
 6
 Before sentencing, Dorsey filed a motion to withdraw his guilty plea. Fed. R. Crim. P. 32(d). He claimed that his attorney had underestimated the appropriate guideline range for his sentence and that had he known of the correct range, he would not have pleaded guilty.
 
 
 7
 Consistent with the plea agreement, Dorsey's presentence report recommended an offense level of 12. It calculated a criminal history category of V, which produced a sentencing range of 27 to 33 months. Dorsey alleged that his attorney had informed him that the applicable range was 15-21 months. The difference between this prediction and the range recommended in the presentence report was due solely to Dorsey's criminal history category. Dorsey did not object to, and does not dispute, the criminal history category assigned to him.
 
 
 8
 The court denied Dorsey's Rule 32 motion on the grounds that the calculation of the criminal history category was not a fair and just reason to withdraw the plea. It imposed a sentence of 30 months of imprisonment, 3 years of supervised release, a $2,000 fine, and a $50 special assessment.
 
 II
 
 9
 The government has moved to dismiss the appeal because Dorsey waived his right to appeal in paragraph 13 of the plea agreement.
 
 
 10
 Dorsey opposes the motion to dismiss. He claims that the plea agreement is void because paragraph 13 conflicts with North Carolina ethics committee opinion RPC 129 (Jan. 1993) prohibiting attorneys from negotiating plea agreements that waive a defendant's right to seek appellate and postconviction relief for ineffective assistance of counsel or prosecutorial misconduct.
 
 III
 
 11
 We first discuss the government's motion to dismiss. Although no federal rule comparable to North Carolina's RPC 129 has been promulgated, we reach through adjudication the result that North Carolina obtains through its rule. Rejecting the government's plea to dismiss a criminal appeal, we held that a defendant did not waive the right to appeal the denial of his motion to withdraw his plea when he alleged that the incompetency of his counsel induced him to execute an invalid plea agreement. United States v. Craig, 985 F.2d 175 (4th Cir. 1993). The court explained its rationale as follows:
 
 
 12
 [C]hallenge to the denial of his plea-withdrawal motion incorporates a claim that the waiver of appeal as well as the guilty plea itself was tainted by his counsel's ineffectiveness.... Under these circumstances, with the waiver of appeal itself being challenged by the motion to withdraw the guilty plea, dismissal of the appeal is not warranted on that ground.
 
 
 13
 985 F.2d at 178.
 
 
 14
 In support of its motion to dismiss Dorsey's appeal, the government cites United States v. Wiggins, 905 F.2d 51 (4th Cir. 1990), in which we held that a defendant may waive the right of appeal "in a valid plea agreement." 905 F.2d at 53. In Wiggins, the defendant appealed the district court's denial of his request to reduce his sentence after having waived the right to appeal his sentence. 905 F.2d at 52-53. It was the difference between a challenge to the validity of a plea agreement due to the alleged ineffectiveness of counsel in Craig and a complaint that a sentence was improperly imposed in Wiggins that caused the Craig court to distinguish Wiggins. 985 F.2d at 178. The same distinction applies here.
 
 
 15
 We deny the government's motion to dismiss. We will next consider the issue raised by Dorsey on appeal.
 
 IV
 
 16
 Dorsey states the sole issue on appeal as follows:"The Appellant's plea agreement should be declared void ab initio as it is contrary to the Rules of Professional Conduct as promulgated by the North Carolina State Bar."
 
 
 17
 His reliance on RPC 129 for the proposition that the plea is void is misplaced. In a federal court both validity of the plea and the effectiveness of the waiver of the right to appeal are federal questions. See Craig, 985 F.2d at 178; United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). RPC 129, on which Dorsey relies, does not purport to void the plea agreement or Dorsey's plea. It recognizes that the validity of the plea remains a question for the court. The opinion explains:
 
 
 18
 Whether a plea agreement is constitutional and otherwise lawful is a question to be determined by the courts. Whether the conduct of attorneys with respect to a plea agreement is ethical is a question addressed concurrently to the courts and the State Bar.
 
 
 19
 The opinion also notes that in event of a conflict between the State Bar rules and federal law, "the latter would prevail under the federal supremacy doctrine." There is, however, no material conflict. As explained in part III, Craig reaches essentially the same result as the State Bar rule.
 
 
 20
 Dorsey has presented no reason showing that the advice of counsel justifies voiding the plea. For reasons adequately stated by the district court, we affirm the denial of Dorsey's motion to withdraw his plea and the judgement of the district court.
 
 MOTION TO DISMISS DENIED; JUDGMENT AFFIRMED